**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Respondent-Plaintiff,**

**v.** **No. CR 01-782 BB**

**CAMERINA GALLARZO DE GARCIA,**

**Petitioner-Defendant.**

**MEMORANDUM OPINION**
**AND**
**ORDER DENYING RULE 60(B) MOTION**

**DEFENDANT Camerina Gallarzo de Garcia *pro se* moves this Court "Pursuant to Rule 60(b)" to declare her mandatory minimum sentence invalid under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and "to have her sentence vacated and to be immediately released from incarceration." While Defendant's motion is succinct and somewhat persuasive as far as it goes, she overlooks at least three salient points.**

**First, Defendant was sentenced on April 30, 2002, and now seeks to have this sentence vacated under Rule 60(b). Since there is no Rule 60(b) of the FEDERAL RULES OF CRIMINAL PROCEDURE, Defendant is presumably relying on FEDERAL RULE OF CIVIL PROCEDURE 60(b) titled "Relief from Judgment or Order." The law is, however, clear that this civil rule is not an appropriate vehicle for attacking a criminal sentence. *Grene***

***v. United States*, 448 F.2d 720 (5th Cir. 1971); *Salcedo v. United States*, 2003 WL 22137983 (S.D.N.Y. 2003).**

**Second, if Defendant was seeking relief under the criminal counterpart to Rule 60, FEDERAL RULE OF CRIMINAL PROCEDURE 35(a), this Rule is limited to corrections within seven days of sentencing for technical or clerical mistakes in a sentence, not alterations in the law. *United States v. Blackwell*, 81 F.3d 945 (10th Cir. 1996); *United States v. Penna*, 319 F.3d 509 (9th Cir. 2003). Even under Rule 35(b), the Court's power to modify a sentence expires after one year. *United States v. Orozco*, 160 F.3d 1309 (11th Cir. 1998).**

**Finally, if Defendant could leap the substantial procedural hurdle and address the substance of the *Blakely* decision on which she relies, there is no legal foundation to support her claim of retroactivity. As Defendant correctly notes: "The ruling in *Blakely* was a logical outgrowth of the Supreme Court's ruling two years ago in an Arizona case that juries, not judges, must find the "aggravating" factors that make a defendant liable for the death penalty." (Motion at 3). Indeed, the same day it handed down *Blakely*, the Supreme Court held the Arizona case upon which Defendant relies, *Arizona v. Ring*, 536 U.S. 534 (2002), would not be applied retroactively to cases where Defendant's sentence was already final. *Schriro v. Summerlin*, 124 S. Ct. 2519 (2004). Moreover, those courts which have confronted this issue have uniformly held that *Blakely* does not apply retroactively or support habeas corpus. *In re Dean*, 2004 WL 1534788 (11th Cir. 2004);**

***United States v. Levy*, 374 F.3d 1040 (11th Cir. 2004); *United States v. Stoltz*, 2004 WL 1619131 (D. Minn. 2004); *Patterson v. United States*, 2004 WL 1615058 (E.D. Mich. 2004); *United States v. Lowe*, 2004 U.S. Dist. Lexis 15455 (N.D. Ill. 2004); *Garcia v. United States*, 2004 U.S. Dist. Lexis 14984 (N.D.N.Y. 2004); *United States v. Traeger*, 2004 U.S. Dist. Lexis 12901 (N.D. Ill. 2004); *Burch v. State*, 2004 WL 1557822 (Minn. App. 2004); *cf. Simpson v. United States*, 2004 WL 1636965 (7th Cir. 2004)(issue premature until Supreme Court finds *Blakely* retroactive); *United States v. Raines*, 2004 U.S. Dist. Lexis 15052 (W.D. Wisc. 2004) (same).**

**O R D E R**

**For the above stated reasons, Defendant's *Motion Pursuant to Rule 60(b)* [doc. #71] is DENIED.**

**SO ORDERED this 11th day of August, 2004.**

**BRUCE D. BLACK**
**United States District Judge**